IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:13CR144

STEPHEN MAURICE BURKS

**MEMORANDUM OPINION**

Stephen Maurice Burks, a federal prisoner proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 55). By Memorandum Opinion and Order entered September 15, 2016, the Court denied Burks's § 2255 Motion. See United States v. Burks, No. 3:13CR144, 2016 WL 4951010, at *7 (E.D. Va. Sept. 15, 2016.) On October 7, 2016, Burks filed a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 64).[1]

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

---

[1] This is the date Burks states he placed his Rule 59(e) Motion in the prison mailing system (Rule 59(e) Mot. 16), and the Court deems this the filed date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Burks apparently relies on the second ground for relief, arguing that new evidence warrants reconsideration of the denial of his § 2255 Motion. (Rule 59(e) Mot. 3.) Burks's new evidence consists of his own affidavit attached to his Rule 59(e) Motion. (ECF No. 64-1.) Burks contends that this new evidence shows that "the Court's denial [of his § 2255 Motion] was based on a misapprehension of the facts in this case—an erroneous belief that Petitioner's plea agreement was knowing . . . ." (Rule 59(e) Mot. 1.) A review of this affidavit however, reveals that it is substantially similar to the affidavit Burks previously submitted in support of his § 2255 Motion. Moreover, from reviewing Burks's 59(e) Motion and his new affidavit, the Court concludes that Burks is clearly attempting to rehash the arguments previously considered and rejected by the Court. Rule 59(e) may not be used for such purpose. Hutchinson, 994 F.2d at 1082. In sum, Burks fails to provide any basis for granting relief under Rule 59(e).

2

Accordingly, Burks's Rule 59(e) Motion (ECF No. 64) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Burks and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 21, 2017
Richmond, Virginia

3